# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
January 27, 2015

v

CHRISTOPHER GRAGORY WINOWIECKI,

        Defendant-Appellant.

No. 317821
Emmet Circuit Court
LC No. 12-003657-FC

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(b)[1]; one count of second-degree CSC, MCL 750.520c(1)(b); and one count of attempted first-degree CSC, MCL 750.92. Defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to seven to 25 years' imprisonment for each of the first-degree CSC convictions, 47 months to 22 years and six months' imprisonment for the second-degree CSC conviction, and 17 months to seven years and six months' imprisonment for the attempted first-degree CSC conviction. We affirm.

Defendant contends that the prosecutor engaged in misconduct by referencing and arguing issues pertaining to the credibility of specific witnesses. "In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Because defendant failed to object to the alleged instances of prosecutorial misconduct, the issue is not preserved for appellate review. Unpreserved claims are reviewed by this Court for plain error affecting substantial rights. *People v Walker (On Remand)*, 273 Mich App 56, 65-66; 728 NW2d 902 (2006).

The test for prosecutorial misconduct is whether the defendant was denied a fair trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "[A]llegations of prosecutorial

---

[1] The victim "is at least 13 but less than 16 years of age" and either (1) the defendant "is a member of the same household as the victim," or (2) the defendant "is related to the victim by blood or affinity to the fourth degree." MCL 750.520b(1)(b); see also MCL 750.520c(1)(b).

misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context." *Bennett*, 290 Mich App at 475. "No error requiring reversal will be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001) (citation and quotation marks omitted). "[A]n otherwise improper remark may not rise to an error requiring reversal when the prosecutor is responding to the defense counsel's argument." *People v Unger*, 278 Mich App 210, 238; 749 NW2d 272 (2008) (citations and quotation marks omitted).

The instances of alleged prosecutorial misconduct encompass the following. During opening arguments the prosecutor, indicating defendant would suggests reasons why the victim would falsely assert such claims, stated:

> Which leaves us with this, there will be no valid reason on this record that you will be able to come up with as to why she could make up such egregious acts against her father. You will find her to be a sincere, honest, likeable, and innocent child.

> On the other hand, you will find that the Defendant will have a very strong motive to deny these charges. As you know, it's abhorrent, deviant, unnatural conduct that is extremely embarrassing for anyone to admit. As well as having criminal ramifications if you do admit it.

The trial court interrupted the prosecutor, asking counsel to "approach the bench." At the conclusion of the bench conference, the trial court indicated, "It is pure unadulterated argument not what you're intending to prove. This is an opening statement, not a closing argument. . . . . Confine yourself to an opening statement."

Defendant additionally cites as misconduct statements by the prosecutor during his closing argument and rebuttal. First, defendant contends the prosecutor misrepresented the burden of proof to be applied, suggesting it was the responsibility of defense counsel to establish reasonable doubt. This statement by the prosecutor was in the context of discussing the necessity of determining the credibility of the witnesses due to the nature of the crimes alleged, which occur in private, and suggesting that defense counsel would "argue all kinds of alleged reasonable doubt" and asserting that this standard does not mean "beyond all doubt." The prosecutor indicated that the job of the jury was "to render a verdict based on the truth of the case . . . not to go back . . . and look for doubt." Rather, it was asserted that the jury was to focus on "find[ing] the truth." Another incident of alleged misconduct involves a lengthy statement by the prosecutor identifying portions of defendant's testimony that apparently showed a lack of veracity and arguing for the jury to disbelieve defendant and find the victim credible. Finally, defendant alleges as misconduct a statement by the prosecutor during rebuttal closing argument again suggesting defendant had a motive to lie and was not credible and suggesting that the investigating detective, D. L. Sumpter, and the Department of Human Services (DHS) worker, Brenda McClellan, given their professional stature, were worthy of belief.

The incidents alleged do not comprise misconduct by the prosecutor. While a prosecutor is not permitted to vouch for the credibility of witnesses "by implying that he has some special

knowledge of their truthfulness," it does not comprise misconduct for a prosecutor to comment "on his own witnesses' credibility during closing argument especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). When the closing comments regarding the detective and the DHS worker and regarding the victim's lack of motivation to lie are viewed in context and in light of the content of defendant's defense that he did not engage in the alleged behaviors and that the victim had reasons to fabricate her allegations, it was not improper for the prosecutor to comment on the lack of motivation for McClellan, Sumpter, and the victim to be untruthful. The prosecutor did not imply special knowledge regarding the veracity of these individuals; rather, he argued that they had no reason to lie. Based on the context of the comments and their "responsive nature," the prosecutor's comments were not improper because they constituted a comment on the evidence and theories set forth at trial. *Id*. at 455-456. In addition, "any prejudice caused by the remarks could have been alleviated by a curative instruction given on a timely objection." *Id*. at 455.

Specifically addressing the prosecutor's comments regarding defendant's credibility, it is understood that "[a] prosecutor may argue from the facts that a witness is credible or that a witness is not worthy of belief." *Unger*, 278 Mich App at 240. Any testifying witness is subject to having his or her credibility impeached and testimony questioned. *People v Fields*, 450 Mich 94, 110; 538 NW2d 356 (1995). The prosecutor's comments regarding defendant's truthfulness pertained to discrepancies and inconsistencies concerning defendant's testimony. As such, the prosecutor's statements pertaining to defendant's motivations did not constitute misconduct. A prosecutor is permitted to "argue from the evidence and its reasonable inferences in support of a witness's credibility." *Bennett*, 290 Mich App at 478. Further, a prosecutor is not required to confine his or her argument to the blandest of all possible terms. See *People v Fyda*, 288 Mich App 446, 462; 793 NW2d 712 (2010). Contrary to defendant's assertion, the ruling in *People v Buckey*, 424 Mich 1; 378 NW2d 432 (1985), does not support his appellate argument. In *Buckey*, the Michigan Supreme Court specifically stated, "It is well established that the prosecutor may comment upon the testimony and draw inferences from it and may argue that a witness, including the defendant, is not worthy of belief." *Buckey*, 424 Mich at 14-15. The Court emphasized, "Opportunity and motive to fabricate testimony are permissible areas of inquiry of any witness." *Id*. at 15. In this instance the prosecutor's statements or comments were on the content of defendant's "testimony in relation either to his own earlier inconsistent testimony . . ., or to the testimony of other witnesses. . . ." *Id*.

With regard to the alleged improper shifting of the burden of proof, we note that a prosecutor is not permitted to attempt to shift the burden of proof to a defendant. *People v Abraham*, 256 Mich App 265, 273; 662 NW2d 836 (2003). When viewed in context, the prosecutor's statements pertaining to defense counsel's creation of reasonable doubt did not comprise an improper shifting of the burden, but rather a comment on the evidence and the arguments of the defense pertaining to the credibility of witnesses. A prosecutor is permitted to fairly respond to an issue raised by a defendant. See *Fields*, 450 Mich at 110-111. The prosecutor's attack on the theory of the defense did not serve to improperly shift the burden of proof and the reference or commentary on weaknesses in defendant's case did not comprise prosecutorial misconduct. *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005).

-3-

As noted, defendant did not object to any of the allegedly improper statements by the prosecutor. "[E]rror requiring reversal" cannot be found "where a curative instruction could have alleviated any prejudicial effect." *People v Callon*, 256 Mich App 312, 329-330; 662 NW2d 501 (2003). Further, the trial court specifically instructed the jury that its deliberations were restricted solely to the evidence presented during the trial and that the questions and arguments of counsel did not comprise evidence. Jurors are presumed to follow their instructions. *Abraham*, 256 Mich App at 279. Defendant has failed to show that the prosecutor's closing arguments affected his substantial rights.[2]

In terms of the alleged misconduct of the prosecutor during opening statements, again defendant did not object and error requiring reversal cannot be predicated on these comments. See *Callon*, 256 Mich App at 329-330. The trial court interrupted the discourse by the prosecutor, instructing the prosecutor to "confine" his comments "to an opening statement" and not closing arguments. While technically not a proper presentation or statement given the purpose of opening arguments, the discourse was halted by the trial court and did not recur. This limited instance is insufficient to demonstrate that the prosecutor's comments affected defendant's substantial rights.

Next, defendant contends he is entitled to resentencing due to the improper scoring of the sentencing offense variables. To properly preserve an issue challenging the scoring of the guidelines, the issue must be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand. MCL 769.34(10); *People v Jackson*, 487 Mich 783, 795-796; 790 NW2d 340 (2010). Defendant did not raise the issue at sentencing or in a subsequent motion; instead, at sentencing defendant denied the existence of any issues with regard to the scoring of the guidelines. A waiver is an "intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citations and quotation marks omitted). Defendant affirmatively denied having any "issues concerning scoring of the sentencing guidelines." Defendant effectively waived any assertion of error premised on his express approval of the guidelines scoring in the trial court. *Id*.

In his Standard 4 brief, defendant contends that his trial counsel was ineffective for not adequately pursuing various mechanisms to impeach witnesses. To properly preserve a claim of

---

[2] Arguably, the prosecutor's comments in closing regarding the victim's "tenacity" and entitlement to praise for her courage borders on an improper sympathy argument. A prosecutor is not permitted to ask jurors to sympathize with the victim or to suggest placing themselves in the victim's position. *People v Watson*, 245 Mich App 572, 591; 629 NW2d 411 (2001); *People v Cooper*, 236 Mich App 643, 653; 601 NW2d 409 (1999). However, in context, the prosecutor's arguments were directed to the victim's credibility. At least in part, this addressed defendant's suggestion that the victim had fabricated her allegations. As such, the prosecutor was arguing a reason for the jury to find the victim credible and not simply making a plea to sympathize with the victim. The trial court also instructed the jury that it was not permitted "to let sympathy or prejudice influence your decision." We find no plain error requiring reversal.

ineffective assistance of counsel, a defendant is required to move for a new trial or seek an evidentiary hearing in accordance with *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). *People v Armisted*, 295 Mich App 32, 45-46; 811 NW2d 47 (2011). Because defendant has not moved for a new trial or a *Ginther* hearing, his claim of ineffective assistance of counsel is not properly preserved for appellate review. This Court reviews "unpreserved claims of ineffective assistance of counsel for errors apparent on the record." *Id*. at 46. The determination of whether a person has been denied the effective assistance of counsel comprises a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are subject to review de novo. *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011).

Although defendant attaches numerous documents or partial documents to his brief, in his argument section he references only one of the attachments and cites no legal authority to support his contention, other than the basic standard for determining ineffective assistance of counsel. It is well recognized:

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. Failure to brief a question on appeal is tantamount to abandoning it. [*People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001) (citations and quotation marks omitted).]

"Appearance in pro per does not excuse all application of court rules[.]" *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). We find that defendant's claim of ineffective assistance of counsel is waived.[3]

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto

---

[3] With regard to the one document that defendant refers to in the argument portion of his brief, we note that the document states that the victim's mother was "trying to get full custody of her children . . . ." Defendant contends that the mother should have been impeached and otherwise confronted with this document because at trial she denied that she was seeking full custody. However, the portion of the trial transcript to which defendant refers indicates that the mother was asked at trial if she was seeking full custody around the time of March 2012, and defendant admits that the document in question was from 2009, making it irrelevant for the purpose he asserts.