# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHAEL J. MODENA,

        Plaintiff-Appellant,

and

VICTOR G. MODENA II,

        Plaintiff,

v

GENA L. A. HOOKER, PENTWATER POLICE
DEPARTMENT, and SHELBY POLICE
DEPARTMENT,

        Defendant-Appellees.

UNPUBLISHED
July 19, 2018

No. 338978
Oceana Probate Court
LC No. 16-000141-CZ

---

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Plaintiff Michael J. Modena alone appeals by right the dismissal of plaintiffs' lawsuit against defendant Gena L.A. Hooker, his sister, following a bench trial. We affirm.

Plaintiffs, pro se litigants, sought injunctive relief against Hooker and the declaration of their rights respecting their parents' estate and trusts that their father created as part of their parents' estate planning. Plaintiffs also sought injunctions against the defendant police departments because they evicted plaintiff George Modena from the family home at Hooker's request. The trial court granted summary disposition to the police departments because it lacked jurisdiction over the claims against them.

At the bench trial, plaintiffs presented no evidence and declined to testify on their own behalf because they never wanted a trial and thought they were entitled to have injunctions imposed on the defendants based solely on what they had filed with the probate court during the proceedings before trial. Plaintiffs advised the probate court that they intentionally failed to file a witness list and an exhibit list as required by the court's scheduling order because they objected to and never wanted a trial. The probate court asked both plaintiffs several times whether they would testify or present evidence in support of their case, but each declined. Consequently,

Hooker moved for dismissal on the ground that plaintiffs had rested without establishing a prima facie case with testimony and admissible evidence.

The probate court gave plaintiffs an opportunity to file a written response to Hooker's motion and adjourned the trial until the next day. Plaintiffs filed a brief in which they argued that they never wanted a trial, had objected to trial numerous times and asserted that the probate court could not rush to judgment. Plaintiffs also filed a motion for directed verdict against Hooker on the ground that she had called no witnesses to testify and submitted no exhibits. When the probate court reconvened the trial, it explained its ruling and dismissed the action because plaintiffs presented no witness testimony or evidence at trial and failed to meet their burden of proving their case by a preponderance of the evidence. Plaintiffs moved for reconsideration, but the probate court denied the motion. Plaintiff now appeals.

Plaintiff first argues that probate court erred by holding a bench trial on the merits of the case over the objection of plaintiffs, who merely sought an injunction and not a trial. We disagree.

We review de novo a trial court's determination regarding equitable relief but review for an abuse of discretion a trial court's granting of injunctive relief. *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 33, n 12; 896 NW2d 39 (2016). An abuse of discretion occurred if the court's decision fell outside the range of reasonable and principled outcomes. *Id*. at 33-34. We review for clear error the trial court's factual findings. *Id*. at 31. A factual finding is clearly erroneous if we are left with a definite and firm conviction that the trial court made a mistake. *Id*. In reviewing a motion for involuntary dismissal pursuant to MCR 2.504(B)(2), we review issues of law de novo, and findings of fact for clear error. *Sands Appliance Servs, Inc v Wilson*, 463 Mich 231, 235 n 2, 238; 615 NW2d 241 (2000). Unlike a motion for a directed verdict in a jury trial, when deciding a motion for involuntary dismissal, the trial court must exercise its "function as trier of fact, weigh the evidence, pass upon the credibility of witnesses and select between conflicting inferences." *Williamstown Twp v Hudson*, 311 Mich App 276, 287; 874 NW2d 419 (2015) (quotation marks and citation omitted).

As pro se litigants, plaintiffs were entitled to some leniency in pursuing their claims. See *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972) (stating that allegations in pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers"). Such leniency is not, however, limitless, and the court rules still must be followed. *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973).

Under MCR 2.401(B)(2), the probate court had authority to enter a scheduling order that set dates for the progress of litigation, including completion of discovery, exchange of witness lists, and date of trial. In this case, the record reflects that the probate court reviewed the parties' pleadings and entered an appropriate scheduling order that informed the parties of the court's deadlines and set the dates for trial. Because plaintiffs' claims against Hooker were not decided on a motion for summary disposition and the trial court ruled that genuine issues of material fact existed precluding entry of a default judgment or summary disposition against Hooker, the case properly proceeded to the scheduled bench trial. Plaintiff cites no authority for the proposition that a trial should not have been held in this case. We find no authority that supports plaintiff's claim of error. Moreover, the record reflects that unresolved issues necessitated a trial on the

merits. Plaintiffs failed to establish by a preponderance of the evidence a prima facie case against Hooker. Accordingly, the probate court properly dismissed this case.

Plaintiff next argues that the probate court erred by not permitting plaintiffs to rely on the affidavits they filed in other proceedings and that the court should have granted plaintiffs a directed verdict because Hooker never filed a rebuttal affidavit. Plaintiff's argument lacks merit, and he has cited no authority that supports his claim of error. In *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959), the Michigan Supreme Court explained:

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. Failure to brief a question on appeal is tantamount to abandoning it. [Citations omitted.]

Consequently, because plaintiff has failed to properly brief this argument on appeal, we consider this issue on appeal abandoned.

Plaintiff also argues that the probate court should have transferred to the circuit court the counts in plaintiffs' complaint involving the police. Plaintiff, however, failed to raise this issue before the trial court. Michigan generally follows a raise or waive rule of appellate review. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). Although the Michigan Supreme Court has held that this Court must review unpreserved errors in criminal cases for plain error affecting the defendant's rights, see *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), it has not established a similar holding for civil cases. See *Walters*, 481 Mich at 387-388; see also *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 377-378; 761 NW2d 353 (2008) (stating that the failure to properly raise a claim of error before the trial court in a civil case normally constitutes a waiver of that claim and declining to exercise its discretion to review the unpreserved claim under the facts of that case).

Nevertheless, we have the discretion to overlook preservation requirements. See *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (stating that this Court may overlook preservation requirements where the failure to consider the issue would result in a manifest injustice, or if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented). We will review forfeited issues when declining to do so will result in a miscarriage of justice. *Brown v Loveman*, 260 Mich App 576, 599; 680 NW2d 432 (2004). But we exercise such discretion sparingly and only where exceptional circumstances warrant review. *Booth v*

*Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993).  We do not find that this case presents exceptional circumstances warranting review.

We affirm.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey