## BASMAJIAN v. CITY OF DETROIT.

1. COURTS—ENFORCEMENT OF COURT RULE—JURY.

   Publication of notice by court that on and after certain date circuit court rule requiring demand for jury trial would be strictly enforced was reasonable method of correcting delinquency in its enforcement (former Circuit Court Rule No. 39).

2. JURY—DEMAND FOR JURY—DISCRETION OF COURT.

   Permitting jury trial, although no demand therefor had been made, as required by former Circuit Court Rule No. 39, was within discretion of court.

3. SAME—REFUSAL OF JURY—ABUSE OF DISCRETION.

   Refusal of jury trial because no demand therefor had been made as required by former Circuit Court Rule No. 39, *held*, not abuse of discretion, under circumstances.

4. STREET RAILWAYS—NEGLIGENCE.

   In action for death of four-year old child run over by street car, finding of trial court that there was no actionable negligence on part of defendant, *held*, justified, under evidence.

Appeal from Wayne; Murphy (Alfred J.), J. Submitted October 6, 1931. (Docket No. 1, Calendar No. 35,749.) Decided January 4, 1932. Rehearing denied March 3, 1932.

Separate actions of case by Richard Basmajian, administrator of the estate of Beatrice Basmajian, against City of Detroit under the death act for personal injuries resulting in death of plaintiff's decedent, Rose Basmajian against same defendant for personal injuries, and by Richard Basmajian against same defendant for loss of services of wife and child. Cases consolidated for trial. Judgments for defendant. Plaintiffs appeal. Affirmed.

*Ernest N. Papps,* for plaintiffs.

*Raymond J. Kelly* and *A. Albert Bonczak,* for defendant.

CLARK, C. J. Beatrice Basmajian, a child of four years, propelled her little wagon into the street and was run over and killed by a street car of defendant. Suit was instituted by administrator to recover under the death act (3 Comp. Laws 1929, §§ 14061, 14062). Her mother, who rushed into the street to save or aid the child, also averring injuries by the street car, brought suit. The husband and father also sued to recover burial expenses of the child and cost of medical treatment, loss of services, etc., of the wife. The three suits were consolidated and tried together, and are likewise presented for review.

In a trial without a jury, findings of fact and law were made, and judgment for defendant entered thereon. Plaintiffs have appealed.

A preliminary question is refusal of jury trial. Suits were commenced May 3, 1926. Plea followed promptly. On December 5, 1929, demand for trial

by jury was filed and later was refused. We quote article 2, § 13, State Constitution:

"The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases unless demanded by one of the parties in such manner as shall be prescribed by law."

And former Circuit Court Rule No. 39:

"A party desirous of a trial by jury shall make his demand for a jury in writing and file such demand with the clerk within ten days after the issue is joined in the cause, otherwise he shall be deemed to have waived his right to a jury. But the court may in its discretion transfer any case to the jury calendar, although the demand for a jury was not filed as herein provided."

The circuit court rule had not been enforced in the county for considerable time, and, recognizing that the court, having determined to enforce it, ought not to change attitude suddenly to the inconvenience of parties and counsel, the Wayne circuit court caused to be published in the Detroit Legal News, daily from October 15, 1929, to November 30, 1929, the following:

"On and after December 1, 1929, the circuit court rule requiring filing of notice for demand for jury trial will be strictly enforced. Until that time notices of demand for jury trial in pending cases will be received.

"IRA W. JAYNE,<br>"Executive Judge.

"Dated October 14, 1929."

It will be observed that here the demand for trial by jury was filed after December 1, 1929.

We think correction of delinquency under Circuit Court Rule No. 39 was made reasonably. No other

different or better method has been suggested, nor is it claimed the notice was not sufficient. Attempt is made to show that it escaped attention of plaintiffs' then counsel, but it did not impress the trial court, and avails nothing here. Permitting jury trial was within the discretion of the court and we find no abuse of that discretion in refusing it under the circumstances.

The trial judge found defendant guilty of no actionable negligence. We reach the same conclusion, and adopt a part of his opinion in the suit by the administrator:

"The eyewitnesses to the unfortunate killing of the child, Beatrice, are but three in number, the mother, who is the plaintiff in the case under immediate consideration, and the surviving motorman, and the conductor of the street car. Other witnesses in behalf of each of the parties relate circumstances immediately following the happening of the accident.

"I am convinced that the child, Beatrice, while propelling her little wagon from the sidewalk, with one foot in the wagon and one upon the sidewalk, precipitated it in front of a parked automobile on the north side of Baker street out into the highway. It should be remembered that the distance between the northerly rail and the curbstone is only ten feet, seven inches. Thus, having passed the parked automobile, which it is fair to assume occupied approximately a space upon the highway five feet in width, the child entered into the free space of the highway, which could have been but little more than six feet until she would strike the northerly rail of the street car track. Having entered that space, she was then for the first time visible and was promptly discovered, not only by the motorman, Mr. Thurman, in charge, but by his associate, the student motorman, who was then receiving instructions by Mr. Thurman. I say that the student motorman must have

also discovered the presence of the child upon the highway for this reason: Mr. Thurman promptly applied the reverse to the motor. He testifies that when he did this the current had been stopped, thus permitting the reverse immediately to come in action. This shows that the student motorman in control of the motor had already shut off the power. It was, however, too late to avoid striking the child.

"Here was a situation suddenly precipitated upon the motorman. I am satisfied their car was going at a very moderate rate of speed. It had been slowed down as it approached 18th street because of the passage across its path by a truck. Any acceleration of power in the block west of 18th street up to the time of the collision must have been a very moderate one. I find that the motorman did all that was humanly possible to do to avert the collision. This emergency was not one of their own making. It was thrust upon them, and in the exercise of the means then available to them the accident was unavoidable.

"In reaching these conclusions, it has been important to ascertain, at least with a fair degree of certainty, the place at which the accident occurred. The street car, according to all versions, was stopped a little to the west of the easterly line of 19th street. If the plaintiffs' version is to be accepted as to when and how the accident occurred, it must then follow that the body of the little child had been dragged in and along Baker street for a distance of 200 feet or more. This obviously did not happen. It is made clear that it did not happen by the direct testimony of credible witnesses. Two passengers on the street car, two disinterested women, who, I am persuaded, were telling truthfully what they observed, are clear and definite in their statements, that the situation arose at some point between the easterly line of the plaintiff's house and 19th street. This is corroborated by the motorman and by the conductor of the street car. These two men have tried to tell the truth about the matter. It

makes no difference to them what the outcome of this case is. Their manner disclosed their fairness, their truthfulness.''

As to the mother's suit, the trial judge properly said:

"Was the plaintiff injured by the street car at a time prior to or contemporaneously with the happening of the accident? I am persuaded that she was not. I do not believe she was at all within striking distance of the street car at the time her child came into contact with it. A probable explanation of the fact of her injury is found in the testimony of the witness who said it was necessary to endeavor to prevent her from trying to remove the body of the child from under the street car. It is not at all improbable that in so doing she sustained the injury, which she unquestionably received to her right wrist.

"These being my findings of fact in the case, it necessarily follows, as a matter of law, that there being no negligence established upon the part of the defendant corporation, it is entitled to a judgment of no cause of action.''

There being no actionable negligence to sustain either of the above cases, it follows the father may have nothing in his suit to recover expenses, disbursements, etc.

Other assignments, especially those relating to denial of motion for new trial have been considered. Discussion of them would be without profit. We find no reversible error.

Judgments affirmed.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.