RITCHIE *v.* MACINKOWICZ.

1. APPEAL AND ERROR—TRIAL—PRETRIAL STATEMENT.

Plaintiff will not be heard to complain on appeal that trial judge abused his discretion in trying case to the court when pretrial judge was misled by plaintiff's attorney at pretrial that case was to be tried by a jury and plaintiff had failed to demand a jury or to pay the jury fee (CLS 1961, § 600.2537; GCR 1963, 508.4).

2. TRIAL—JURY TRIAL—DEMAND—JURY FEE.

Failure to demand a jury trial and to pay the jury fee by the close of the pretrial conference constitutes a waiver of the right to trial by jury (Const 1908, art 2, § 13; Const 1963, art 1, § 14; CLS 1961, § 600.2537; GCR 1963, 508.4).

3. SAME—JURY TRIAL—DISCRETION OF COURT.

Trial judge has discretion to grant a jury trial after the close of the pretrial conference notwithstanding failure to demand jury and to pay jury fee (CLS 1961, § 600.2537; GCR 1963, 508.4).

4. SAME—JURY TRIAL—DISCRETION OF TRIAL JUDGE.

Trial judge did not abuse discretion in trying case without a jury, where no demand for jury had been made and jury fee had not been paid, notwithstanding that judge who conducted pretrial conference had noted on pretrial statement that action for wrongful death following false arrest and malicious prosecution was to be placed on jury calendar (CLS 1961, § 600-.2537; GCR 1963, 508.4).

Appeal from Macomb; Gallagher (Edward J.), J. Submitted Division 2 March 8, 1966, at Detroit. (Docket No. 998.)    Decided May 11, 1966.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 31 Am Jur, Jury §§ 40–43, 59.
[2] 31 Am Jur, Jury §§ 47, 59.
[3] 31 Am Jur, Jury §§ 46, 59.

Complaint by Marie E. Ritchie, administratrix of the estate of Leo M. Ritchie and guardian of Donald Ritchie, Robert Ritchie, and Leanne Ritchie against Henry Macinkowicz; William Liedel; Dennis R. Frazier; Charles F. Miller; Libero Yozzo; Earl Parrish; Robert Tennant; Cecil A. Byers; Emil E. Cardamone; Ernest Smith, doing business as Smitty's Bar; Samuel Smith; Eugene W. Oleszko and Henry E. Oleszko, doing business as Norton Collision; and Jerry Schoenherr, doing business as Center Line Bar, for the wrongful death of Leo M. Ritchie arising from his alleged false imprisonment and malicious prosecution caused by an alleged conspiracy of defendants. Judgment for defendants. Plaintiff appeals. Affirmed.

*Prosser, Cowell & Whitehouse (Earl T. Prosser,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel for the City of Detroit, *William P. Doran* and *John E. Cross,* Assistant Corporation Counsel, for defendants Henry Macinkowicz and William Liedel.

*Reinhart A. Nank,* for defendants Eugene W. Oleszko and Henry E. Oleszko.

*John D. Danahey,* for defendant Jerry Schoenherr.

*Richard O. Breithart,* for defendants Smith.

*Roy W. Rogensues,* for defendants Frazier, Miller, Yozzo, Parrish, Tennant, Byers, and Cardamone.

LESINSKI, C. J. This action was brought by the wife of decedent, Leo M. Ritchie, on her own behalf, as administratrix on behalf of the estate, and as guardian of the children. The complaint filed March

3, 1962, and as amended on May 10, 1963, alleged false imprisonment, malicious prosecution, and conspiracy which is alleged to be the proximate cause of a heart attack that resulted in the death of decedent. Several persons were named party defendants.

Prior to the close of the pretrial conference on February 19, 1965, there was no written demand made for a jury trial and the jury fee was not paid. During the pretrial conference, the following question was asked by the pretrial judge: "Is this a jury case?" Attorney for the plaintiff answered in the affirmative. The pretrial judge, taking the statement as correct, made the following comment on the pretrial statement: "Close pretrial, set for trial, *jury* calendar, soon as possible."

On the morning of June 15, 1965, the parties appeared in the Macomb county circuit court for trial. The trial judge noticed the pretrial statement and asked if anyone had asked for a trial by jury. Attorney for plaintiff claimed he had demanded a trial by jury during the pretrial conference. Attorneys for the defendants denied that such a demand had been made. The trial judge, finding that the record did not disclose a written demand for a jury trial and payment of the jury fee, denied plaintiff a trial by jury. From the denial of a jury trial, plaintiff has processed this appeal.

It is not disputed that plaintiff failed to comply with GCR 1963, 508.2(1):

"Actions Commenced in Circuit Court. Any party may demand a trial by jury of any issue so triable of right by filing a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the filing of the answer or a reply filed within the time prescribed. Such demand may be indorsed on a pleading of a party if notice of

the demand is included in the entitlement of the pleading."

It is also undisputed that plaintiff has failed to pay the jury fee as required by CLS 1961, § 600.2537 (Stat Ann 1962 Rev § 27A.2537):

"In every case where a trial by jury is demanded, the party making the demand shall, at the time of filing the demand, pay to the clerk of the court the sum of $3.00. Failure to pay the fee within the time provided in the court rules constitutes a waiver of the right to a jury trial. Such sum shall be taxed in favor of the party paying the same, in case he recovers a judgment for his costs."

Although plaintiff contended before the trial court, and before this Court in his initial brief, that he demanded a trial by jury during the pretrial conference, in the supplementary brief filed with this Court plaintiff admits that no such demand was made by him. Plaintiff further admits the pretrial judge's comment "Close pretrial, set for trial, *jury* calendar, soon as possible" was an erroneous notation and that the pretrial judge did not exercise his discretion by placing the case on the jury calendar.

The only question on appeal therefore is whether the error by the pretrial judge in placing the case on the jury calendar is sufficient to grant a trial by jury to plaintiff where such a jury trial has been otherwise waived.

The error in the pretrial statement was caused by the action of plaintiff's attorney, for it was his affirmative answer to the pretrial judge's question, "Is this a jury case?" which caused the pretrial judge to record in his pretrial statement: "Close pretrial, set for trial, *jury* calendar, soon as possible." Plaintiff on appeal will not be heard to claim he was misled or prejudiced by the pretrial statement.

Failure to demand a jury trial and to pay the jury fee by the close of the pretrial conference constitutes a waiver of the right to trial by jury. Const 1963, art 1, § 14,[1] GCR 1963, 508.4. Although a jury trial may be granted after the close of the pretrial conference, notwithstanding the failure to demand a jury trial and nonpayment of the fee prior thereto, it lies within the sole discretion of the trial judge. *Basmajian* v. *City of Detroit* (1932), 256 Mich 539; *Richey* v. *Board of Education of County of Monroe* (1956), 346 Mich 156.

We find no abuse of discretion by the trial court in denying plaintiff's motion for a trial by jury. The decision of the trial court is affirmed.

T. G. KAVANAGH and WATTS JJ., concurred.

---

[1] There was no change from article 2, § 13 of the 1908 Constitution, except for the addition of a second sentence which permits verdicts in civil cases when at least 10 jurors agree.