BACHOR v CITY OF DETROIT

OPINION OF THE COURT

1. TRIAL—JURY TRIAL—DEMAND—JURY FEE.

The failure to demand a jury trial and to pay the jury fee by the close of the pretrial conference constitutes a waiver of the right to trial by jury (Const 1963, art 1, § 14; GCR 1963, 508.4).

2. TRIAL—JURY TRIAL—DEMAND—JURY FEE—DISCRETION.

The granting of a jury trial after the close of the pretrial conference, notwithstanding a failure to demand a jury and nonpayment of the fee prior thereto, lies within the sole discretion of the trial judge (GCR 1963, 508.4).

3. TRIAL—JURY TRIAL—DEMAND—JURY FEE—DISCRETION.

A trial court did not abuse its discretion in a case wherein plaintiffs proceeded *in propria persona* by holding a bench trial where a written demand for a jury trial had been timely made but no jury fee had been paid, even though the court overlooked the demand, because the oversight would not have occurred had the plaintiffs paid the jury fee, pleaded their inability to pay, or requested an exercise of the court's discretion when it later became apparent that the trial was going to be held without a jury; appearance *in propria persona* does not excuse all application of court rules (GCR 1963, 508.4).

4. TRIAL—JURY TRIAL—JURY FEE—WAIVER—INDIGENT PARTY—DISCRETION.

A trial court did not abuse its discretion by failing to waive the jury fee based on indigency where the allegedly indigent plaintiffs failed to present a timely request for waiver to the court, and where the plaintiffs had sent the court a letter shortly before the trial expressing a willingness to pay the fee; absent a timely request by plaintiffs to the trial court based on indigency, the Court of Appeals cannot hold that the trial court abused its discretion by failing to waive the jury fee.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 47 Am Jur 2d, Jury § 88.
[5] 47 Am Jur 2d, Jury § 60.

Opinion of the Court

Dissent by Holbrook, P. J.

5. Trial—Jury Trial—Assertion of Right—Constitutional Law—
    Indigent Party.
    *The right to a trial by jury cannot remain an inviolate constitu-
    tional right if the successful assertion of that right can hinge
    on a person's ability to pay jury fees.*

Appeal from Wayne, Neal Fitzgerald, J. Submit-
ted Division 1 June 5, 1973, at Lansing. (Docket
No. 12548.) Decided September 25, 1973.

Complaint by Dorothy Bachor and Helen Bachor
against the City of Detroit and its police depart-
ment. Judgment of no cause of action for defend-
ants. Plaintiffs appeal. Affirmed.

*John R. Urso,* University of Detroit Urban Law
Clinic, for plaintiffs.

*Michael M. Glusac,* Corporation Counsel, and
*Nick Sacorafas* and *Ronald Zajac,* Assistants Cor-
poration Counsel, for defendants.

Before: Holbrook, P. J., and Danhof and Ad-
ams,* JJ.

Danhof, J. Plaintiffs appeal from the trial
court's finding of no cause of action and judgment
for defendants entered on November 24, 1970.

Plaintiff, Helen Bachor, is an 80-year-old widow.
Her daughter, Dorothy Bachor, is a 58-year-old
single woman who is deaf. Neither has had any
formal legal training. They initiated the present
action against defendants on October 23, 1969,
with the filing of a complaint. They proceeded *in
pro per,* because they had been allegedly thwarted
by the prohibitive fees of private attorneys and the
inaction by *pro bono* legal aid services.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiffs sought to recover Detroit police pension benefits as survivors of Walter Bachor, a former Detroit police lieutenant who, after retiring in 1939, died November 26, 1947. Plaintiffs also sought to recover the wages of Walter Bachor which allegedly were withheld by defendants between 1932 and 1934, plus accrued interest and punitive damages.

On November 18, 1969 defendants filed an answer which raised several affirmative defenses, among which were included: lack of standing by Dorothy Bachor, laches and the statute of limitations as to past wages, and the defense that plaintiffs were not entitled to any retirement or survivors' benefits "in that they did not attain any eligibility nor did any subsequent amendments to the Charter of the City of Detroit retirement provisions retroactively include the plaintiffs, and therefore they are barred from any recovery".

On November 26, 1969, plaintiffs filed an untitled pleading which was interpreted by the trial court as a reply to defendants' answer. On the same date, plaintiffs filed a written demand for a jury trial. Thereafter, the record reveals a number of letters from plaintiffs to the trial court between January 20, 1970 and September 29, 1970. The correspondence consisted of affirmations by plaintiffs of their entitlement to relief and a history of the attempts by plaintiffs to obtain relief from Federal and city agencies—all of which resulted in failure. Plaintiffs also replied to the trial court's advice that they seek legal representation by saying that all of the attorneys that had been consulted either thought they had no cause of action or took no action. Finally plaintiffs filed a motion for early pretrial and trial. The motion was granted and trial was ordered for November 23, 1970.

No jury fee payment was ever made by plaintiffs. On November 23, 1970, without objection by plaintiffs, a bench trial was had. Defendants made a motion for directed verdict early in the proceedings.[1] After plaintiffs had testified, defendants' motion was granted.

By order dated September 3, 1971 this Court waived its filing fees and ordered placed on the docket plaintiffs' application for delayed appeal. By order dated January 10, 1972, plaintiffs' application for delayed appeal was granted by this Court. The sole issue which confronts us is whether the trial court erred in failing to grant to plaintiffs a jury trial, where a request was filed, but where no payment of the jury fee was ever made.

The relevant statutory provision is MCLA 600.2537; MSA 27A.2537:

"In every case where a trial by jury is demanded, the party making the demand shall, at the time of filing the demand, pay to the clerk of the court the sum of $20.00. Failure to pay the fee within the time provided in the court rules constitutes a waiver of the right to a jury trial. Such sum shall be taxed in favor of the party paying the same, in case he recovers a judgment for his costs."

Also relevant is GCR 1963, 508.4, which in part states:

"The failure of a party to file a demand as required by this rule or to deposit the jury fee by the close of the pretrial conference constitutes waiver by him of trial by jury."

This Court has on different occasions discussed

---

[1] A motion to dismiss under GCR 1963, 504.2 would have been more appropriate.

the interpretation of GCR 1963, 508.4. In the case of *Jinkner v Widmer,* 3 Mich App 155, 157, 158, 159; 141 NW2d 692, 693–694 (1966), the question was "whether the trial court erred by ruling * * * that the admitted failure to pay the jury fee by the close of the pretrial conference constituted a waiver of trial by jury". The Court held:

"The right to trial by jury is a substantive right guaranteed by the Constitution of the State of Michigan; see Const 1963, art 1, § 14. The manner in which this right is perfected is procedural and is governed by statute and court rule.

* * *

"Though it may be that this writer in passing upon the motion in the first instance might have provided a different result under the circumstances of this case, there is nothing shown herein to indicate that the trial court abused its discretion in denying the plaintiff a jury trial."

In *Ritchie v Macinkowicz,* 3 Mich App 275, 279; 142 NW2d 45, 46–47 (1966), no written demand for a jury trial was made, nor was a jury fee paid, but the pretrial judge in his summary docketed the case for the jury calendar. The trial judge, finding no record of a written demand for a jury trial, nor proper payment of the jury fee, denied plaintiff a trial by jury. This Court, in affirming, said:

"Failure to demand a jury trial and to pay the jury fee by the close of the pretrial conference constitutes a waiver of the right to trial by jury. Const 1963, art 1, § 14, GCR 1963, 508.4. Although a jury trial may be granted after the close of the pretrial conference, notwithstanding the failure to demand a jury trial and nonpayment of the fee prior thereto, it lies within the sole discretion of the trial judge. *Basmajian v Detroit,* 256 Mich 539; 240 NW 87 (1932); *Richey v Board of*

*Education of County of Monroe,* 346 Mich 156; 77 NW2d 361 (1956)."

Thus the law in Michigan, at the time these occurrences transpired, was clear. In filing their timely demand for a jury trial, plaintiffs had satisfied but one-half of the requirements laid down by statute and court rule. Once the close of pretrial conference had passed without payment of the jury fee, plaintiffs' entitlement to a jury trial became a matter of discretion with the trial court. We hold that the trial court did not abuse its discretion by holding a bench trial in the case at bar. Admittedly, the trial court overlooked plaintiffs' demand for a jury trial. This oversight would not have occurred, however, had plaintiffs either paid the fee, pleaded their inability to pay, or requested an exercise of the court's discretion when it later became apparent that the trial was going to be held without a jury. Plaintiffs in this action decided to proceed *in pro per,* even though counsel had been repeatedly recommended. The right to a jury trial in civil cases must be carefully guarded, but it is nevertheless governed by statute and court rule. Appearance *in pro per* does not excuse all application of court rules, and neither should it in this instance.

Finally, plaintiffs claim that their indigency offers an excuse for failing to pay the requisite jury fee, citing *Boddie v Connecticut,* 401 US 371; 91 S Ct 780; 28 L Ed 2d 113 (1971). First of all, the holding of *Boddie* was narrowly confined to divorce actions, where state courts are the only avenue by which a citizen can obtain dissolution of a marriage. Secondly, plaintiffs were not denied access to the court, as were the plaintiffs in *Boddie.* Thirdly,

plaintiffs in the instant case did not inform the trial court, until these proceedings had concluded, that their failure to pay the jury fee was caused by indigency. In a letter sent by plaintiffs to the trial court, dated August 28, 1970, plaintiffs did not claim indigency, but on the contrary expressed a willingness to pay the fee. They stated further, that they were told by someone that the fee did not have to be paid until the case was heard.

Although GCR 1963, 120.3 is not applicable to this appeal because it became effective October 4, 1971, its provisions are illustrative. Waiver or suspension of fees and costs is mandatory only upon the filing of an affidavit by a person stating facts showing that inability to pay fees and costs is due to indigency. Absent a timely request by plaintiffs to the trial court based on indigency, we cannot hold that the trial court abused its discretion by failing to waive the jury fee.

Affirmed. No costs.

ADAMS, J., concurred.

HOLBROOK, P. J. *(dissenting).* This writer must dissent. While this writer essentially agrees with my brother's statement of the facts, save for what may have occurred after plaintiffs' motion for early pretrial and trial was granted. There is no evidence in the record that a pretrial conference was held prior to November 23, 1970. Proceeding *in pro per,* the plaintiffs may very well have thought that the proceeding of November 23, 1970, was the pretrial conference. This is not an unwarranted conclusion, since pretrial conferences were mandatory under GCR 1963, 301 in 1970. In any case, from November 23, 1970 onward, what hap-

pened is unclear.[1] There is evidence a trial without
jury was held on that date. The docket entry for
that date reads:

"Parties present. Court finds no cause for action.
Order of dismissal to be filed, court sheet-Judge Neal
Fitzgerald."

Moreover, an order was entered by the trial judge
which read:

"This matter having been tried and the court having
considered the testimony, and the court having found in
favor of the defendant, and this court being fully ad-
vised in the premises,
"It is hereby ordered and adjudged that judgment of
no cause of action for the defendant be entered without
costs."

Furthermore, defendants state on appeal that at
the outset of the November 23, 1970 proceedings,
they made a motion for a directed verdict. Plain-
tiffs then were given an opportunity to respond,
which they did by taking the stand and testifying.
The plaintiffs having been given an opportunity to
respond to defendants' motion, the court ruled in
favor of the defendants. The trial court has also
characterized the motion as one for a directed
verdict. One must conclude, therefore, that what
happened November 23, 1970, was a trial without
a jury, since directed verdicts are authorized only
following the opening statements at trial of oppos-
ing counsel. GCR 1963, 515; 2 Honigman & Haw-

---

[1] The situation is unclear primarily because the record before us is
meager at best. However, since the parties have stipulated that all
the applicable facts are contained therein, we proceed on the basis of
the record provided. It should be noted that there is no transcript of
the proceedings that occurred on November 23, 1970, nor of any
proceeding that prompted the trial judge's report back to us after we
first remanded this case.

kins, Michigan Court Rules Annotated (2d ed), p 526.

In any case, the judgment of the trial court was appealed to this Court, and on January 10, 1972, the case was remanded by this Court to the Wayne County Circuit Court for a report on (1) why the appellants were denied a jury trial pursuant to their written demand and (2) whether the appellants were indigent at the time the jury fee would have been due. The trial court has reported back to us in part as follows:

"No one in this court was ever familiar with the fact that a jury had ever been demanded in this case until some days ago, when the file was searched and a demand for jury was discovered, which was not dated, and a complete perusal of the record taken at the time of the hearing has been gone over, and in no place in that record does it appear that these plaintiffs ever requested that they be granted a jury or informed the court that they had demanded a jury. When the court took the bench, the plaintiff immediately took the stand, and, with no requests of any kind, began her testimony. No mention was ever made of a demand for a jury at any time during her testimony. * * *

"These people were brought into this court within the past three days and all given a complete opportunity to testify to anything they wished. Their testimony was hardly sufficient to make any kind of a record because it did not consist of more than three or four questions. * * *

"As to the matter of indigency. In the first place, indigency in 1949 was not treated in the same manner as it has been in the past three or four years since the state got more liberal than usual with its money and saw to it that no one practically has to pay for any part of an appeal. Indigency in '49, if this Court, to which I am addressing, will think back, they will remember that if you did not have any money, you did not have any attorney and no one was willing to furnish money to cover that situation and no allowances were made for

the failure to pay the required fees merely because the litigant happened to be an indigent.

"It is the opinion of this court that these people did not have any money at that time, but, under the circumstances, the court had no obligation to furnish them any free services."

Plaintiffs have now reasserted their objection that they were denied their right to a trial by jury.

While it may be true that the substance of this case is without merit, as the trial judge believes, that fact would not justify a denial of plaintiffs' constitutional right to a jury trial unless the denial was made consistent with the proper procedural standards. The trial judge has stated that he had no knowledge of plaintiffs' request for a jury trial and we have no reason to doubt him. However, the fact remains that there was a written demand for a jury trial filed in the record November 26, 1969. This satisfies but one-half of the requirements for a proper assertion of a right to a trial by jury. The other half consists of payment of the jury fee. MCLA 600.2537; MSA 27A.2537; GCR 1963, 508. Ordinarily, of course, if the jury fee is not paid the right to a jury trial is considered waived. GCR 1963, 508.4; *Jinkner v Widmer,* 3 Mich App 155; 141 NW2d 692 (1966). However, the trial judge on remand from this Court specifically found that plaintiffs were indigent. The question arises, therefore, whether it was proper to hold a trial without jury under these circumstances. It should be noted here that at the time of the trial GCR 1963, 120, providing for suspension of fees and costs by the court for indigent persons, was not yet in effect. There are no cases in this jurisdiction dealing with the right of an indigent litigant to a trial by jury where a jury trial was demanded but the fee not paid. In light of *Boddie v*

*Connecticut,* 401 US 371, 379; 91 S Ct 780, 787; 28
L Ed 2d 113, 120 (1971), this issue bears serious
examination. In holding that due process prohib-
ited a state from denying, solely because of inabil-
ity to pay, access to the courts to individuals who
seek judicial dissolution of their marriage the
Supreme Court of the United States declared:

> "Our cases further establish that a statute or a rule
> may be held constitutionally invalid as applied when it
> operates to deprive an individual of a protected right
> although its general validity as a measure enacted in
> the legitimate exercise of state power is beyond ques-
> tion. Thus, in cases involving religious freedom, free
> speech or assembly, this Court has often held that a
> valid statute was unconstitutionally applied in particu-
> lar circumstances because it interfered with an individ-
> ual's exercise of those rights."

The principles upon which *Boddie* are founded
require that civil indigents be afforded the same
right to a trial by jury as those able to pay the
jury fee. The philosophy behind this rule is proba-
bly best expressed in the words of Mr. Justice
Black in *Griffin v Illinois,* 351 US 12, 19; 76 S Ct
585, 591; 100 L Ed 891, 899 (1956), wherein it was
decided that persons convicted of a crime could not
be denied full appellate review even if they were
unable to pay for the trial transcript:

> "Such a denial is a misfit in a country dedicated to
> affording equal justice to all and special privileges to
> none in the administration of its criminal law. *There
> can be no equal justice where the kind of trial a man
> gets depends on the amount of money he has.* Destitute
> defendants must be afforded as adequate appellate re-
> view as defendants who have money enough to buy
> transcripts." (Emphasis supplied.)

This writer cannot see how the right to a trial by

jury can remain an inviolate constitutional right if the successful assertion of that right can hinge on a person's capability to pay jury fees. The Due Process and the Equal Protection clauses of the State and the Federal Constitutions could not countenance such a result. *Boddie* and *Griffin, supra.*

This writer votes to reverse and remand the case for further proceedings.