*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HUSSEIN DAKHLALLAH,

        Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
September 29, 2022

No. 359385
Wayne Circuit Court
LC No. 20-008938-NF

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

In this action under the no-fault act, MCL 500.3101 *et seq*., plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant. On appeal, plaintiff argues that the trial court erred when it disqualified plaintiff's trial counsel from further representing plaintiff. Plaintiff further contends that the trial court erred by granting the motion for summary disposition without hearing oral argument by plaintiff, who was proceeding *in propria persona* at that stage of the litigation. We affirm.

This case arises out of an alleged assault committed against plaintiff on January 29, 2020. Plaintiff became embroiled in an argument with another individual, which began while plaintiff was in his own vehicle. As plaintiff attempted to step out of his car, the other individual slammed the door several times into plaintiff's leg, breaking it in two places. Plaintiff alleged that he was unable to perform basic tasks in caring for himself for about four to five months.

On July 15, 2020, plaintiff filed a single-count complaint seeking to recover personal protection insurance (PIP) benefits from defendant. At the time, plaintiff was represented by his wife, attorney Megan Dakhlallah (Megan). On September 23, 2020, defendant moved to disqualify Megan from representing plaintiff. Defendant argued that Megan, who had been present during the assault, was a necessary witness and should be disqualified from representing plaintiff under MRPC 3.7(a). Megan had also provided replacement services for plaintiff when he was incapacitated. In response, plaintiff contended that Megan was not a necessary witness because plaintiff could testify regarding the assault, because there was documentary evidence to support

-1-

plaintiff's claims, and because medical professionals could testify about plaintiff's injuries. Plaintiff further maintained that disqualifying Megan would be improper because it would create a substantial hardship as he was running out of money to pay medical expenses and was unsure if he would be able to secure alternate counsel. Eventually, after a hearing on defendant's motion at which the trial court initially took the matter under advisement, the court granted the motion, concluding that Megan was a necessary witness with respect to her observation of the assault and her involvement in providing replacement services for plaintiff.[1]

Plaintiff never secured another attorney, and he proceeded *in propria persona* for the remainder of the litigation. On September 24, 2021, defendant filed a motion for summary disposition under MCR 2.116(C)(10). Defendant argued that the caselaw clearly provided that PIP benefits are not recoverable when an insured is assaulted in a vehicle because the injury is not reasonably foreseeable and does not stem from the use of the motor vehicle as a motor vehicle. On September 24, 2021, defendant noticed the hearing on the motion for summary disposition for October 22, 2021. On September 27, 2021, the trial court entered a summary disposition scheduling order. The order rescheduled the hearing on the motion for summary disposition for November 4, 2021, via ZOOM videoconferencing. The scheduling order required plaintiff to file a response to the summary disposition motion by October 21, 2021. The scheduling order warned plaintiff that "[f]ailure to file a timely RESPONSE may result in the granting of the Motion." Plaintiff did not file a response to the motion, which failure was expressly acknowledged in the register of actions on November 3, 2021, under the heading miscellaneous action.[2] The register of actions further indicates that on November 4, 2021, the court cancelled the summary disposition hearing scheduled for that day. Also, on November 4, 2021, the trial court entered an order granting defendant's motion for summary disposition and dismissing plaintiff's complaint in its entirety with prejudice but without costs. The order contained no elaboration. This appeal ensued.

On appeal, plaintiff first argues that the trial court erred when it granted defendant's motion to disqualify Megan as plaintiff's attorney. Plaintiff contends that Megan was not a necessary witness and that a hardship exception applied to her disqualification. Because we conclude that the trial court properly granted defendant's motion for summary disposition, plaintiff's argument concerning Megan is now moot. This Court will generally not entertain moot issues or decide moot cases. *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018). An issue is moot when a judgment or an order "cannot have any practical legal effect upon a then existing controversy." *Id.* (quotation marks and citation omitted). This Court has stated that "[a]n issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004). Were we to rule that the trial court erred by disqualifying Megan as plaintiff's counsel, the decision would have no

_____

[1] On August 9, 2021, plaintiff filed an application for leave to appeal in this Court, challenging the trial court's order disqualifying Megan as plaintiff's counsel. On November 29, 2021, this Court entered an order denying plaintiff's application for leave to appeal. *Dakhlallah v Progressive Marathon Ins Co*, unpublished order of the Court of Appeals, entered November 29, 2021 (Docket No. 358092).

[2] There is no dispute that plaintiff did not file a response to defendant's motion for summary disposition.

practical legal effect, and no remedy would be available because the case is no longer viable. To the extent that one might argue that—with counsel—plaintiff may have been able to defeat the motion for summary disposition, we would be opening a Pandora's box if we reversed and remanded on such a basis: it would signal that a party could simply disengage from litigation or not proceed vigorously after an attorney's disqualification knowing that a dismissed case could potentially be resurrected on appeal and a "do-over" obtained. In his case, plaintiff needed to pursue the litigation on his own after Megan was disqualified and after no alternate counsel was procured. To rule otherwise would be to sanction waste of judicial time and resources.

Plaintiff next argues that the trial court denied him his due-process right to be heard by not allowing plaintiff to argue orally at a hearing in response to defendant's motion for summary disposition. This argument is entirely without merit. The trial court did not deprive plaintiff of a hearing; rather, plaintiff failed to comply with the scheduling order regarding the filing of a required response to the summary disposition motion, effectively forfeiting or waiving his opportunity to argue his case at the scheduled hearing. There is nothing in the record suggesting that plaintiff would not have been allowed to present oral argument had he filed a response as was required.

The trial court has the authority to enter scheduling orders setting deadlines relative to motion practice. MCR 2.401(B)(2)(a)(*ii*). "A court may, in its discretion, dispense with or limit oral arguments on motions, and may require the parties to file briefs in support of and in opposition to a motion." MCR 2.119(E)(3). "If a party fails to comply with . . . a court order, upon motion by an opposing party, or sua sponte, the court may enter a . . . dismissal of the noncomplying party's action . . . ." MCR 2.504(B)(1). Additionally, "trial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 389; 719 NW2d 809 (2006). A court's authority to dismiss an action on the basis of litigant misconduct flows from the "clean hands doctrine" and is applicable to equitable and legal-damages claims. *Id.* Furthermore, "[w]hen a motion under subrule (C)(10) is made and supported . . ., an adverse party . . . must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial[, and] [i]f the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her." MCR 2.116(G)(4). A party acting *in propria persona* is not excused from abiding by the court rules. *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973).

In this case, the scheduling order was not simply an order with unspecified consequences for failing to file a response to defendant's motion for summary disposition; instead, the order expressly stated that dismissal could result from a compliance failure. And plaintiff's noncompliance did not merely entail an untimely response to the summary disposition motion. Rather, plaintiff did not file any response at all. Aside from the violation of the scheduling order, MCR 2.116(G)(4), quoted above, also justified dismissal of plaintiff's suit for failure to counter the (C)(10) motion.

Moreover, although it does not appear that the trial court granted the motion for summary disposition on a substantive analysis of the arguments posed by defendant, we conclude that plaintiff does not have a viable claim as a matter of law, justifying summary dismissal under MCR 2.116(C)(10). An injury arising from an assault in a motor vehicle lacks "a sufficient causal connection to the use of a motor vehicle as a motor vehicle to be compensable under the no fault

act." *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 222; 580 NW2d 424 (1998). PIP benefits are unavailable "because assaults occurring in a motor vehicle are not closely related to the transportational function of a motor vehicle." *Id.* Although an "accidental bodily injury" sustained while "alighting from" a parked vehicle may support an award of PIP benefits, MCL 500.3106(1)(a), the injury must have a causal relationship to the act of alighting from the vehicle. See *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 263; 901 NW2d 534 (2017) (it is necessary to show that the injury had a causal relationship to the vehicle that was more than incidental or fortuitous). Here, there was no causal connection: the assault and resulting injury just happened to occur when plaintiff was attempting to alight from the vehicle. Taken to its logical extreme, a person shot while alighting from a vehicle could recover PIP benefits under a ruling in plaintiff's favor—this is not the law. Additionally, in this case, the individual in the altercation with plaintiff wielded the car door as a weapon in injuring plaintiff. Therefore, the injury was not closely related to the transportational function of the motor vehicle, which is necessary to support an award of PIP benefits. *Id.* at 258. Defendant was entitled to summary disposition for the variety of reasons discussed above. Any cause of action he may have is patently against his assailant in a civil action.

We affirm. Having fully prevailed on appeal, defendant may tax costs under MCR 7.219.


/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel