*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELVIN JONES, JR.,

       Plaintiff-Appellant,

v

STATE OF MICHIGAN,

       Defendant-Appellee.

UNPUBLISHED
August 22, 2024

No. 368548
Court of Claims
LC No. 23-000115-MZ

Before: MALDONADO, P.J., and M. J. KELLY and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right an order of the Court of Claims dismissing his complaint for failure to comply with the Michigan Court Rules. We affirm.

## I. FACTUAL BACKGROUND

In August 2023, plaintiff filed a complaint seeking a declaratory judgment against defendant, alleging that Michigan's water collection and blight laws discriminated against persons with disabilities. Plaintiff is one such individual, and stated that he was "walker dependent for effective ambulation." Plaintiff proceeded as a self-represented litigant in the court below, and likewise is self-represented on appeal. Plaintiff's complaint contained multiple perplexing allegations and assertions of law. It is unclear, on the basis of plaintiff's pleadings, what specific facts gave rise to plaintiff's complaint. However, it appears that at some point in the summer of 2023, plaintiff received a ticket from the city of Flint requiring him to attend "blight court" because of the condition of his lawn. It also appears the plaintiff had a large water bill debt.

After plaintiff filed his second amended complaint, defendant filed a motion to strike or for a more definitive statement pursuant to MCR 2.115. Defendant argued that plaintiff's second amended complaint did not comport with basic pleading rules. According to defendant, none of plaintiff's paragraphs were numbered, "[t]he paragraphs bounce from one transaction or occurrence to another. And the claims appear to overlap or repeat." Defendant contended that the "defects render the complaint incomprehensible and unanswerable in its current form." Defendant also asserted that plaintiff's complaint lacked a statement of facts and clear and concise allegations. Defendant requested that plaintiff's complaint be stricken or amended to conform to the pleading

rules. The court agreed that plaintiff's second amended complaint and prior complaints "wholly fail to comply with the requirements of the court rules both in form and substance." The court ordered plaintiff to file a new amended complaint that "properly sets forth the relevant facts, nature of the legal claim, and relief requested as required by MCR 2.113." The court warned that if an amended complaint that complied with the court rules was not filed within 14 days, the case would be dismissed.

Plaintiff proceeded to file no less than nine additional complaints, all of which got progressively longer and continued to make bald assertions of law with sparse allegations of specific fact. The trial court ultimately found that plaintiff's complaints did not comport with the Michigan Court Rules. The court noted that each complaint involved various unrelated assertions, "including allegations regarding a blight ordinance, the rights of disabled persons, 'Obamacare', the rights of adoptive gay males or transgender women, free water for all Michigan residents and other assorted allegations." The court noted that plaintiff was self-represented, but nevertheless opined that he "had ample opportunity to file a proper complaint as evidenced by the fact that he has filed at least nine separate complaints each of which are rambling and confused if not incoherent." The court ultimately elected to dismiss plaintiff's case without prejudice. Plaintiff now appeals to this Court.

## II. ANALYSIS

Plaintiff argues that the trial court erred by dismissing his case because his latest amended complaint met the liberal pleading standard for self-represented litigants. We disagree.

A trial court's decision to dismiss an action is reviewed for a clear abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).

As noted, plaintiff is a self-represented litigant. However, a party's status as a self-represented litigant does not excuse them from complying with the Michigan Court Rules. *Bachor v City of Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973).[1] MCR 2.111(A) requires that "[e]ach allegation of a pleading must be clear, concise, and direct." MCR 2.111(B), provides that a complaint must contain "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend." MCR 2.113(B) further requires that:

---

[1] Published decisions of the Court of Appeals issued on or after November 1, 1990, are precedentially binding. MCR 7.215(J)(1). Although this Court is "not strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990, . . . they are nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

(1) All allegations must be made in numbered paragraphs, and the paragraphs of a responsive pleading must be numbered to correspond to the numbers of the paragraphs being answered.

(2) The content of each paragraph must be limited as far as practicable to a single set of circumstances.

(3) Each statement of a claim for relief founded on a single transaction or occurrence or on separate transactions or occurrences, and each defense other than a denial, must be stated in a separately numbered count or defense.

"If a pleading is so vague or ambiguous that it fails to comply with the requirements of these rules, an opposing party may move for a more definite statement before filing a responsive pleading." MCR 2.115.

Penalties are applied for failure to comply with these rules. Specifically, "upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." MCR 2.504. However, "[d]ismissal is a drastic step that should be taken cautiously." *Swain v Morse*, 332 Mich App 510, 518; 957 NW2d 396 (2020). Before imposing the sanction of dismissal, the trial court must "carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995).

As a preliminary matter, we note that much like plaintiff's complaints, plaintiff's brief on appeal is confusing, often incoherent, and lacks support from relevant authority for the basis of his legal claims. With regard to plaintiff's argument that the trial court erred by dismissing his complaint, plaintiff does not present any argument or analysis explaining *why* the trial court erred, besides that his brief conformed with the "liberal pleading standard" for self-represented litigants. Instead, plaintiff asks this Court to explain the standard to him. We therefore conclude that the issue has been abandoned. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." (quotation marks and citation omitted)).

Even if the matter had been properly briefed, plaintiff has not demonstrated that he met the pleading standards set forth in the Michigan Court Rules. The record indicates that the trial court's original order explained to plaintiff that his original complaints did not comply with MCR 2.113. The trial court then allowed plaintiff no less than nine opportunities to amend his complaint to comply with the rule and offer a more definitive statement of his claims. Despite this accommodation, plaintiff has consistently failed to comply with MCR 2.113 or to state a cause of action that would prevent dismissal. Each of plaintiff's complaints grew increasingly lengthy, more difficult to comprehend, and largely consisted of redundant repetitions of legal jargon. None of the complaints contained any allegations of fact or law that were easily decipherable or that formed distinguishable claims. Even reading the complaints as favorably as possible to plaintiff, we do not understand the basis for his lawsuit nor the specific challenges he is raising against defendant. None of plaintiff's allegations were clear, concise, or direct, see MCR 2.111(B), nor

did they state claims for relief "founded on a single transaction or occurrence" in separately numbered counts, see MCR 2.113(B). Therefore, the trial court did not abuse its discretion in ordering dismissal of plaintiff's case without prejudice.[2]

Plaintiff's remaining arguments are also abandoned because he fails to explain his position or provide any citation to relevant authority as support. See *Wilson*, 457 Mich at 243.[3] Moreover, the trial court acted within its authority when it dismissed plaintiff's case without ruling on his other motions, because it clearly found dismissal to be in order. See MCR 2.504. This disposed of the case. We discern no error in the lower court's judgment.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michelle M. Rick

---

[2] We appreciate that representing oneself can be a challenge and confusing. We also acknowledge that plaintiff is one of the nearly 50 million people in the United States who find themselves in the civil justice gap. See Legal Services Corporation, *The Justice Gap: The Unmet Civil Legal Needs of Low-income Americans* <https://justicegap.lsc.gov/> (accessed August 1, 2024). We cannot treat self-represented litigants more leniently than those who are represented by an attorney. See *Totman v Royal Oak Sch Dist*, 135 Mich App 121, 126; 352 NW2d 364 (1984) (noting that generally, self-represented litigants "should be held to the same standards as members of the bar."). However, there are tools to assist the self-represented. To that end, the Michigan Supreme Court provides resources to help self-represented litigants navigate the legal system. See One Court of Justice, *Self-Represented Litigants* <https://www.courts.michigan.gov/resources-for/the-public/self-represented-litigants/> (accessed August 1, 2024).

[3] We have attempted to decipher plaintiff's argument regarding *Bloomfield Twp v Beardslee*, 349 Mich 296, 310; 84 NW2d 537 (1957), in which the Michigan Supreme Court upheld a zoning ordinance, but fail to understand that case's applicability to the present case.