*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CORNWELL QUALITY TOOLS COMPANY,

        Plaintiff/Counterdefendant-Appellee,

v

DANIEL E. KARRIP and MARY L. KARRIP,

        Defendants/Counterplaintiffs-
        Appellants,

and

DK TOOL SALES INC.,

        Defendant/Counterplaintiff.

UNPUBLISHED
April 16, 2025
11:04 AM

No. 369475
Kent Circuit Court
LC No. 23-008728-CZ

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

PER CURIAM.

In this dispute regarding the confirmation and enforcement of an arbitration award, defendants/counterplaintiffs, Daniel E. Karrip and Mary L. Karrip, appeal by right the trial court's order granting summary disposition of their counterclaim against plaintiff/counterdefendant, Cornwell Quality Tools Company (Cornwell), under MCR 2.116(C)(7) on the basis of the parties' agreement to arbitrate the underlying dispute. On appeal, the Karrips also challenge the trial court's order granting Cornwell's motion to confirm and enforce the arbitration award. But they only identify their former attorney's alleged acts and omissions as the basis for reversal and a damages award in their favor. We conclude that the trial court did not err by granting Cornwell's motion to confirm and enforce the arbitration award, nor did it err by granting summary disposition of the Karrips' counterclaim under MCR 2.116(C)(7). To the extent that the Karrips' allegations regarding their former attorney's alleged acts and omissions have merit, they do not warrant relief in this case.

## I. BACKGROUND

-1-

Cornwell manufactures and distributes automobile repair tools. In August 2021, Cornwell entered into a franchise agreement with the Karrips and their company, DK Tool Sales, Inc. (DK). Broadly, the agreement enabled DK to sell Cornwell's products within certain geographical boundaries. It also included an arbitration clause that provided, in relevant part:

> Any claim or controversy in connection with, arising out of, or relating to the [franchise agreement] between [the Karrips, DK,] and Cornwell shall be settled by binding arbitration in accordance with the rules pertaining to commercial dispute arbitration then existing with the American Arbitration Association. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction. Such arbitration shall take place in such locations as the parties mutually agree, and in the absence of such agreement, in Akron, Ohio. The laws applicable to the arbitration procedure shall be the laws of the State of Ohio. The award of the arbitrator(s) shall be the sole remedy between the parties regarding any claims, counterclaims, [or] issues presented or pled to the arbitrator(s).

After a dispute arose regarding DK and the Karrips' alleged failure to pay Cornwell for inventory, the parties participated in a three-day arbitration hearing before the American Arbitration Association. The arbitrator awarded Cornwell roughly $91,000 in addition to prejudgment and postjudgment interest.

In September 2023, Cornwell filed a single-count complaint to confirm and enforce the arbitration award against DK and the Karrips. After DK and the Karrips answered the complaint and filed affirmative defenses,[1] Cornwell moved to confirm and enforce the arbitration award. It argued that DK and the Karrips failed to identify any bases to modify or vacate the arbitration award, and the Uniform Arbitration Act, MCL 691.1681 *et seq.*, required the court to confirm and enforce the valid arbitration award in its favor.

In November 2023, DK and the Karrips—through counsel—responded to Cornwell's motion to confirm and enforce the arbitration award. They argued that they never executed a valid arbitration agreement. They also argued that the arbitration proceedings were fundamentally unfair because they were denied the opportunity to present a counterclaim, they were denied an adjournment despite Daniel's serious heart condition and associated medical treatment, and they were burdened with excessive arbitration costs.

That same day, DK and the Karrips filed a counterclaim against Cornwell. Without identifying a specific cause of action, they alleged that Cornwell deliberately sabotaged their business by neglecting to fulfill product orders, interfering with sales, and requiring them to use

---

[1] The Karrips, acting *in propria persona*, answered the complaint on behalf of themselves and DK. But DK was likely unable to proceed *in propria persona*. See MCL 600.916(1). See also *In re Contempt of Pavlos-Hackney*, 343 Mich App 642, 652 n 2; 997 NW2d 511 (2022) ("Although corporate entities are technically entitled to represent themselves, they may only do so through agents who are otherwise licensed to practice law. Any individual may represent themself *in propria persona*, but only lawyers may represent another person or entity.") (Citations omitted).

faulty software that ruined multiple computers. They sought damages exceeding $5 million for alleged lost profits, lost goodwill, pain and suffering, and mental anguish.

After a hearing, the trial court granted Cornwell's motion to confirm and enforce the arbitration award. In a written opinion, the trial court stated that the parties' franchise agreement required that they settle their dispute through arbitration, the matter was properly submitted to an arbitrator, the arbitrator issued an award in Cornwell's favor, and Cornwell properly moved to confirm and enforce the award. Because DK and the Karrips did not move to modify or vacate the award, the trial court confirmed the award under MCR 3.602(I), MCL 691.1702, and MCL 691.1705(1). It noted that the counterclaim was not a motion to modify or vacate the arbitration award, and the arbitrator did not consider the counterclaim because DK and the Karrips neglected to pay fees associated with filing a counterclaim during arbitration. It also stated that the counterclaim was not a proper method for challenging the arbitrator's award. Rather than dismissing the counterclaim on its own motion, the trial court directed Cornwell to answer or otherwise respond to it.

Later that month, Cornwell moved for summary disposition of DK and the Karrips' counterclaim. It argued that the allegations within the counterclaim arose from the parties' franchise agreement and were subject to its broad arbitration clause such that arbitration was the only appropriate forum to litigate the counterclaim. On these bases, Cornwell argued that summary disposition was warranted under MCR 2.116(C)(7).

In January 2024, DK and the Karrips responded to Cornwell's summary disposition motion. They argued that summary disposition was premature because discovery was ongoing and with additional time, they may establish that the parties were not bound by a valid arbitration agreement.

That same day, the trial court granted Cornwell's motion for summary disposition of DK and the Karrips' counterclaim under MCR 2.116(C)(7). In a written opinion, the trial court stated that the parties did not dispute that the franchise agreement was a valid contract and, contrary to the arguments advanced by DK and the Karrips, the franchise agreement contained a valid arbitration clause. The trial court concluded that the allegations within the counterclaim arose from the parties' franchise agreement and were subject to its broad arbitration clause. It also stated that a counterclaim was not a proper method of attacking an arbitration award, and it was not able to review the arbitrator's factual findings or decision on the merits. It further concluded that summary disposition was not premature because additional discovery did not stand a reasonable chance of uncovering factual support for DK and the Karrips' position.

DK and the Karrips appealed. In March 2024, they submitted a stipulation and proposed order for withdrawal of their appellate counsel. The clerk of this Court processed appellate counsel's withdrawal in relation to the Karrips but was not able to do so in relation to DK because corporations must be represented by counsel on appeal. In April 2024, we entered an order dismissing DK as an appellant for want of prosecution because it failed to timely file a docketing statement. See *Cornwell Quality Tools Co v Karrip*, unpublished order of the Court of Appeals, entered April 9, 2024 (Docket No. 369475). The Karrips then filed their appellate brief *in propria persona*.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision to enforce, vacate, or modify an arbitration award. *City of Ann Arbor v American Federation of State, Co, & Municipal Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). We likewise review de novo a trial court's decision to grant or deny a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is warranted under MCR 2.116(C)(7) if a claim is barred because of an agreement to arbitrate. *Tinsley v Yatooma*, 333 Mich App 257, 261; 964 NW2d 45 (2020).

## III. LAW AND ANALYSIS

We affirm the trial court's decisions to enforce the arbitration award and dismiss the Karrips' counterclaim on summary disposition for several reasons. The Karrips have abandoned these issues by failing to address the underlying merits of the trial court's orders, and they waived any challenge to the trial court's decisions on the basis of their former attorney's alleged legal malpractice. Additionally, the arbitrator did not exceed his authority or commit a legal error apparent on the face of the arbitration award. And the trial court correctly dismissed the Karrips' counterclaim on summary disposition because it arose from the parties' franchise agreement and was subject to arbitration.

At the threshold, as pro se litigations, the Karrips are entitled to some leniency in pursuing their claims on appeal. See *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972) (acknowledging that allegations in a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers."). There are, however, limits to such leniency. See *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). Pro se litigants must abide by the court rules, and their claims cannot otherwise be sustained without factual or legal support.

The Karrips challenge the trial court's orders granting summary disposition of their counterclaim and Cornwell's motion to confirm and enforce the arbitration award. But they do not challenge the underlying merits of the orders. Instead, they identify their former attorney's alleged acts and omissions during and after the arbitration as the basis for reversal and a damages award in their favor. "A party abandons an issue by failing to address the merits of his or her assertions." *Airgas Specialty Prod v Mich Occupational Safety and Health Admin*, 338 Mich App 482, 515; 980 NW2d 530 (2021). See also *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). Because the Karrips failed to address the underlying merits of the trial court's orders granting summary disposition of their counterclaim and Cornwell's motion to confirm and enforce the arbitration award, they abandoned the issue on appeal. And to the extent that the Karrips challenge the trial court's orders on the basis of their former attorney's alleged legal malpractice, they failed to raise the issue before the trial court and have therefore waived the issue on appeal. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-290; 14 NW3d 472 (2023).

Regardless, "courts have a limited role in reviewing arbitration awards." *TSP Servs, Inc v National-Standard, LLC*, 329 Mich App 615, 619; 944 NW2d 148 (2019). A court may not review an arbitrator's factual findings or decision on the merits. *Mich Dep't of State Police v Mich State Police Troopers Ass'n*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363241); slip op at 4. Nor may a court substitute its judgment for that of the arbitrator. *Id*. "If the arbitrator in granting the award did not disregard the terms of his employment and the scope of his authority as expressly circumscribed in the contract, judicial review effectively ceases." *Id*. (quotation marks and citation omitted). A court may, however, "review an arbitrator's award for an error of law that clearly appears on the face of the award or in the reasons stated by the arbitrator for the decision." *Id*. "The error must be so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Id*. (quotation marks and citation omitted).

Here, the Karrips do not argue that the arbitrator exceeded the scope of his authority arising from the arbitration clause in the parties' franchise agreement. Nor do they identify any errors of law apparent on the face of the arbitrator's award. For these reasons, and because it does not appear from the record that the arbitrator exceeded the scope of his authority or committed any legal error apparent on the face of the award, we conclude that the trial court did not err by granting Cornwell's motion to confirm and enforce the arbitration award.

Additionally, the trial court did not err by granting summary disposition of the Karrips' counterclaim under MCR 2.116(C)(7). Summary disposition is warranted under MCR 2.116(C)(7) if a claim is barred because of an agreement to arbitrate. *Tinsley*, 333 Mich App at 261. The parties agreed to arbitrate any claim or controversy arising out of or relating to their franchise agreement, which enabled the Karrips to sell Cornwell's products within certain geographical boundaries. In their counterclaim, the Karrips alleged that Cornwell deliberately sabotaged their business by neglecting to fulfill product orders, interfering with sales, and requiring them to use faulty software that ruined multiple computers. The Karrips' claim therefore arose out of the parties' franchise agreement and was subject to arbitration.

In sum, the trial court did not err by granting Cornwell's motion to confirm and enforce the arbitration award, nor did it err by granting summary disposition of the Karrips' counterclaim under MCR 2.116(C)(7). To the extent that the Karrips' allegations regarding their former attorney's alleged acts and omissions have merit, they do not warrant relief here. We therefore affirm.

/s/ Noah P. Hood
/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney